UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEUNG MINN,

    Plaintiff,

    v.

ALLIANZ ASSET MANAGEMENT OF AMERICA L.P., et al.,

    Defendants.
_____/

No. C 14-2220 PJH

**ORDER DENYING MOTION FOR ATTORNEYS' FEES, REMANDING CASE, AND VACATING HEARING**

    Before the court is plaintiff's motion to remand and for attorneys' fees and costs. The parties have filed a stipulation indicating that they have now agreed to remand the case to state court. The parties also request that this court "retain[] jurisdiction over plaintiff's motion for attorneys' fees." Instead, the court will address both the motion to remand and the motion for attorneys' fees in this order.

    As to the motion to remand, the parties jointly request that the case be remanded, and the court hereby grants the request, and REMANDS the case to state court. The court will separately enter the stipulation submitted by the parties.

    As to the motion for attorneys' fees, in order to establish entitlement to fees, plaintiff must show that defendants "lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). While the court finds that defendants' argument for removal was weak, it does not agree with plaintiff that it "lacked an objectively reasonable basis." The parties agree, and indeed, this court has noted that "[t]he Ninth Circuit has not spoken on the issue." In re Segovia, 404 B.R. 896, 917 (N.D. Cal. 2009). In the absence of any Ninth Circuit authority, the court cannot find that defendants acted unreasonably in seeking to remove this case. Thus, plaintiff's motion for

attorneys' fees is DENIED.

Finally, the court VACATES the July 9, 2014 hearing scheduled on the motions, in part to avoid the incurrence of additional attorneys' fees.

**IT IS SO ORDERED.**

Dated: July 8, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge